J-S06040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE E. CRUZ | : | |
| | : | |
| Appellant | : | No. 1288 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000748-2019

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MARCH 21, 2023**

Appellant, Jose E. Cruz, appeals from the order entered in the Court of Common Pleas of Schuylkill County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Herein, Appellant contends that trial counsel ineffectively failed to interview witnesses necessary to present a mental infirmity defense at his trial.  For the following reasons, we affirm.

The record in the present matter establishes that on March 8, 2019, shortly after midnight, police officers from the City of Pottsville Police Department responded to an emergency call reporting a male firing a gun at a Pottsville residence.  N.T., 8/6/19, at 4.  When the officers arrived, they encountered Appellant standing on the front porch with his hands in his

_____

[*] Former Justice specially assigned to the Superior Court.

pockets. N.T. at 5. Appellant ignored officers' requests that he desist, and he "trotted" away in what the testifying officer described as a "half-jog" for about two blocks, with the officers trailing cautiously close behind him. N.T. at 6.

Appellant led the officers to a gated lot when he abruptly pulled a semi-automatic handgun from his pocket, put it to his temple, and unsuccessfully attempted to fire it. N.T. at 7. The officer testified that he heard the gun "click" without firing, and he watched Appellant bring the gun back down, attempt to chamber a round by manipulating the gun, and bring it to his head a second time in disregard of officers' pleas to drop the gun. At that moment, however, one officer stunned Appellant with a taser, but Appellant retained control of the firearm while lying down and pointed it at a trooper from the Pennsylvania State Police. N.T. at 8. As the state trooper dropped to the ground for his safety, an officer fired at Appellant and followed his shot by running to Appellant and placing him in custody. N.T. at 9-10.

On March 11, 2019, Appellant was charged with Criminal Attempt to Commit Murder of a Law Enforcement Officer, Assault of a Law Enforcement Officer (five counts), Aggravated Assault (five counts), Aggravated Assault (five counts), Possession of a Firearm, Firearms not to be Carried without a License, Prohibited Offensive Weapons, Resisting Arrest, Recklessly Endangering Another Person, Criminal Attempt to Commit Simple Assault, Possession with Intent to Deliver, Possession of a Controlled Substance, and

- 2 -

Possession of Drug Paraphernalia.[1] Appellant qualified for court-appointed counsel ("Trial Counsel"), who represented him throughout the pre-trial proceedings, including the August 6, 2019, Omnibus Pretrial Hearing, after which the trial court dismissed the charges of Criminal Attempt to Commit Murder of a Law Enforcement Officer, Assault of a Law Enforcement Officer, Aggravated Assault of a Law Enforcement Officer, Aggravated Assault with a Deadly Weapon, and Criminal Attempt to Commit Simple Assault.

The PCRA Court aptly provides the ensuing procedural history:

> On February 2, 2021, [Appellant] entered a general plea of guilty to the [remaining charges]. On March 18, 2021, [the trial court] sentenced [Appellant] to an aggregate confinement sentence of not less than ten and one-quarter to not more than twenty and one-half years in a state correctional institution.
>
> On January 18, 2022, [Appellant] filed his *pro se* motion under [the PCRA] asserting he is eligible for relief due to: I) a violation of the Constitution of Pennsylvania or the United States undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; II) ineffective assistance of counsel; and III) a plea of guilty was unlawfully induced. PCRA Petition, 1/18/22, at 2.
>
> The [PCRA] Court appointed [PCRA counsel] on January 26, 2022, as [Appellant's] PCRA counsel. [PCRA counsel] did not file any amendments to the PCRA petition. An evidentiary hearing concluded on May 23, 2022, at which time [Appellant], [Appellant's mother], and trial counsel . . . each testified. Counsel presented oral argument but declined to submit any briefs.

PCRA Court Opinion, 8/9/22, at 1-2.

---

[1] 18 Pa.C.A. §§ 901(a)/2507(a), 2702.1(a), 2702(a)(2), 2702(a)(4), 6105(a)(1), 6106(a)(1), 907(b), 5104, 2705, 901/2701(a), and 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32).

- 3 -

On August 9, 2022, the PCRA court entered its order and opinion denying PCRA relief. Pertinent to the present appeal, the court opined that Appellant failed to prove trial counsel rendered ineffective assistance by failing to investigate or call witnesses to support a mental health defense where evidence was lacking to support such a defense. *Id*. at 3-10. This timely appeal followed.

Herein, Appellant raises one issue for this Court's review:

> Whether trial counsel was ineffective for failing to interview potential witnesses in order to present a mental infirmity defense at the time of trial?

Brief for Appellant at 3.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Sneed*, 45 A.3d 1096, 1105 (Pa. 2012) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and, where supported by the record, such determinations are binding on a reviewing court. *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) at 305 (citations omitted).

Trial counsel is presumed to be effective, and the appellant has the burden of proving ineffectiveness. *Commonwealth v. Howard*, 749 A.2d 941, 946 (Pa. Super. 2000). To carry this burden, the appellant must plead and prove:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [s]he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987)).... Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations modified); ***see also Commonwealth v. Lesko***, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and quotes omitted)). "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012) (*citing*, *inter alia*, ***Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v.Pierce***, 786 A.2d 203, 213 (Pa. 2001).

To establish the reasonable basis prong, we look to see whether trial counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." ***Commonwealth v. Williams***, 640 A.2d 1251, 1265 (Pa. 1994). An attorney's trial strategy "will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually

- 5 -

pursued." ***Commonwealth v. Howard***, 719 A.2d 233, 237 (Pa. 1998). Further, if an appellant has clearly not met the prejudice prong, a court may dismiss the claim on that basis alone and need not determine whether the other two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995).

At issue in the present matter is whether trial counsel rendered ineffective assistance by failing to interview and call for trial potential medical fact and expert witnesses whose testimonies purportedly would have supported a mental infirmity defense. ***See*** Appellant's Brief at 3.

To establish that trial counsel was ineffective for failing to call a witness, Appellant must show: "(1) the witness existed; (2) the witness was available; (3) counsel knew [ ] of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to [appellant] to have denied [him] a fair trial." ***Commonwealth v. Dennis***, 17 A.3d 297, 302 (Pa. 2011).

However, "the question of failing to interview a witness is distinct from failure to call a witness to testify." ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008). A claim that trial counsel did not interview or investigate a known witness "presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." ***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa. Super. 2013). Further, failing to investigate a known witness can be unreasonable *per se*; however,

an appellant must still show prejudice from the failure. ***Id.***, citing ***Dennis***, 950 A.2d at 960.

In Appellant's counseled brief, he maintains that he informed trial counsel on numerous occasions that he was under the care of mental health care professionals at the time of the incident underlying his charges and provided counsel with their contact information. He claims that "[d]espite being provided this information, trial counsel failed to request medical records or interview the potential witnesses to question the Appellant's competency to stand trial or any mental infirmity defenses that may be available if he had chosen to go to trial." Appellant's Brief at 8-9.

The PCRA court, however, discerned no arguable merit to the forgone mental health defense theory underpinning Appellant's ineffectiveness claim against trial counsel. To this end, the PCRA court authored a Pa.R.A.P. 1925(a) opinion in which it recounts the evidence offered at the PCRA hearing, observes Appellant's failure to produce medical evidence in the form of records or testimony to support his ineffectiveness claim against trial counsel, and explains, as finder of fact, that it found trial counsel credibly testified that she did, in fact, investigate Appellant's medical history and sought in vain to obtain relevant evidence sufficiently probative of Appellant's mental infirmity at the time of the alleged crime:

> On page seven of his PCRA petition, [Appellant] indicates that Dr. Kotwal will offer testimony that [Appellant] was seen for severe mental illnesses over the years, prescribed antipsychotics medications, had schizophrenia, that the condition causes individuals to not understand reality and that he was "able, willing

- 7 -

to testify at trial." Despite this declaration, [Appellant] did not call Dr. Kotwal to testify at the PCRA hearing [or] offer any of Dr. Kotwal's purported medical records into evidence.

Similarly, [Appellant] also listed Marco Morales as a witness. ([PCRA Petition] at p. 7). [Appellant] wrote that Mr. Morales would testify he is a therapist who counseled [Appellant] over a number of years for mental illness and that [Appellant] stopped attending counseling and taking prescriptions a few weeks prior to the crimes. [Appellant] further indicated Mr. Morales would testify that he too was able, willing, and available to testify at trial. Neither [Appellant] nor his PCRA counsel called Mr. Morales as [a] witness at the PCRA hearing [or] offered any evidence of treatment records.

At the PCRA hearing, [Appellant] testified he suffers from PTSD, bipolar disorder, schizophrenia, depression and anxiety. He claim[ed] he suffered from these conditions when he committed the crimes. [N.T., 5/23/22, at 7-8]. [Appellant] stated that he attempted to shoot himself during the incident that resulted in his arrest. [Appellant] informed [trial counsel] about his mental health and asked her to get his past medical treatment records. [N.T. at 8]. [He] testified that [trial counsel] never obtained any records and never explored the mental infirmity defense. [N.T. at 8-9]. Appellant insists that he told [trial counsel] he wanted her to file a motion to determine competency to stand trial as well as to pursue an insanity defense. [N.T. at 9, 12].

[Appellant] testified he currently takes prescriptions for his diagnoses but failed to tell the [PCRA] court the medication name or when he started them. [N.T. at 10].

. . .

[Trial Counsel] testified that she has been a criminal defense attorney for over [] 20 years and has handled over [] 200 criminal jury trials. [N.T. at 17].

. . .

In regard to [Appellant's] contention that she should have raised a mental illness defense, [trial counsel] specified she did not believe his mental health conditions would rise to the level of an

- 8 -

affirmative defense. She did not feel [Appellant] was "legally" incompetent. [N.T. at 20, 43, 45].

. . .

She elaborated it was also problematic that there were no recent mental health treatment records contemporaneous to the criminal incident. In her experience as a criminal trial defense attorney, she felt it would be impossible to get a doctor to speculate as to [Appellant's] state of mind at the time of the criminal acts absent record of contemporaneous mental health treatment. [N.T. at 27-28].

In addition, [trial counsel] did not feel [Appellant's] being suicidal at the time of this criminal acts overrode his knowledge that he was illegally in possession of firearms and drugs, again especially considering the strong Commonwealth body worn and porch camera video evidence. [N.T. at 25, 27, 32, 43, 43-44].

[Trial counsel] indicated that [Appellant's mother and brother reached out to her and offered that [Appellant] had past mental health treatment. She testified that his family provided her with just one old treatment report that was not helpful in any way. [N.T at 28, 41].

[Trial counsel] obtained [Appellant's] medical authorization to obtain his records. She reiterated she could not locate any records with the exception of receiving three pages of irrelevant, unhelpful records from three years before the criminal episode. [Trial counsel] added that even if she had been able to obtain mental health treatment records, she did not feel they would have been helpful unless they were contemporaneous with the criminal episode. [N.T. at 46].

Trial Court Opinion, 8/9/22, at 3-4, 4, 5, 6-7 (bracketed citations to May 23, 2022, PCRA hearing notes of testimony added).

Viewing this evidence in its role as finder of fact, the PCRA court determined that trial counsel did not ignore available and admissible evidence tending to establish a viable defense, but, to the contrary, exercised due

diligence in making what proved a futile attempt to obtain medical records indicating mental infirmity during the time in question. Accordingly, the PCRA court discerned no arguable merit to Appellant's ineffectiveness claim. PCRA Court Opinion at 10. Our review of the record supports the PCRA Court's determination in this regard. **See** N.T. 5/23/22 (PCRA Hearing).

Furthermore, even if we assumed *arguendo* that Appellant's claim has arguable merit, Appellant has failed to demonstrate prejudice. As noted *supra*, prejudice is established by evidence demonstrating a reasonable probability that but for counsel's negligence the defendant would have obtained a better result. At the PCRA hearing, however, Appellant failed to show that either medical records or treating medical professionals were available to establish the existence and extent of his mental infirmity at the time in question. It was Appellant's burden to show prejudice resulted from counsel's ineffectiveness, and such prejudice could not be demonstrated without such evidence.

As our review of the record supports the PCRA Court's determination, we conclude Appellant is not entitled to relief on his ineffective assistance of trial counsel claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023